# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2025

Lyle W. Cayce
Clerk

No. 24-10972
Summary Calendar

———————————

Alberto Garcia,

*Petitioner—Appellant*,

*versus*

Colette S. Peters, *Director of Bureau of Prisons*; Chad Humphrey, *Warden*,

*Respondents—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:24-CV-146

———————————————————————

Before Stewart, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Alberto Garcia, federal prisoner # 44033-480, appeals from the district court's dismissal of his 28 U.S.C. § 2241 petition, which challenged his conviction for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). The district court dismissed the petition for lack of subject matter jurisdiction after finding that Garcia had

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10972

failed to meet the requirements of the savings clause of 28 U.S.C. § 2255(e), and that his claims were not otherwise cognizable under § 2241.[1] Garcia also moves to proceed in forma pauperis (IFP) on appeal.

In his appeal brief, Garcia reurges his contention that he is innocent of his § 924(c)(1) conviction insofar as his underlying offense involved his trading a controlled substance in exchange for a firearm and, accordingly, under the Supreme Court's decision in *Watson v. United States*, 552 U.S. 74 (2007), he could not have "used" a firearm during and in relation to a drug trafficking offense within the meaning of § 924(c)(1)(A).[2] Garcia's appeal brief does not address the requirements of § 2241 or challenge the correctness of the district court's dismissal of his habeas petition for lack of subject matter jurisdiction.

To collaterally challenge his conviction under § 2241, Garcia must satisfy the savings clause of § 2255(e) by showing that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023). Garcia has not shown that the district court erred in dismissing his § 2241 petition for lack of subject matter jurisdiction and otherwise fails to raise a nonfrivolous argument that he satisfies the standard set forth in *Jones. See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His motion to proceed IFP on appeal is therefore DENIED, and the appeal is DISMISSED as frivolous. *See* FED. R. APP. P. 24(a); 5TH CIR. R. 42.2.

––––––––––––––––––––––––––––

[1] Garcia filed a § 2255 motion in his criminal case making this same argument. The district court in that case denied the § 2255 motion as untimely. 28 U.S.C. § 2255(f). No appeal was taken from the denial of the § 2255 motion.

[2] The judgment states that the conviction was for "possession" of a firearm, not "use" of a firearm.